DAVID RUBENSTEIN, DC Bar #458770
*Deputy Enforcement Director*
FRANK KULBASKI, DC Bar #438917
*Assistant Deputy Enforcement Director*
RINA TUCKER HARRIS, DC Bar #444550 (*Pro Hac Vice*)
(Email: RinaTucker.Harris@cfpb.gov; Phone: 202-435-9196)
NICHOLAS JABBOUR, DC Bar #500626 (*Pro Hac Vice*)
(Email: Nicholas.Jabbour@cfpb.gov; Phone: 202-435-7508)
BRANDIS C. ANDERSON, CA Bar #261325
(Email: Brandis.Anderson@cfpb.gov; Phone: 202-435-7548)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Fax: 202-435-7722

KENT KAWAKAMI, CA Bar #149803 – Local Counsel
(Email: Kent.Kawakami@usdoj.gov; Phone: 213-894-4858)
United States Attorney's Office
Central District of California – Civil Division
300 North Los Angeles Street, Room 7516
Los Angeles, CA 90012
Fax: 213-894-2380

Attorneys for Plaintiff Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Plaintiff,<br><br>v.<br><br>IrvineWebWorks, Inc. d/b/a Student Loan Processing.US; *et al.*,<br><br>Defendants. | Case No. SACV14-1967-JVS (DFMx)<br><br>**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AS TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I OF THE COMPLAINT**<br><br>**HON. JAMES V. SELNA**<br><br>**Date: January 25, 2016**<br>**Time: 1:30 PM**<br>**Place: Courtroom 10C (Santa Ana)** |

Plaintiff Consumer Financial Protection Bureau ("Bureau") respectfully submits this Statement of Genuine Disputes of Material Fact pursuant to Local Rule 56-2 in response to the Defendants' Separate Statement of Uncontroverted Facts and Conclusions of Law, Dkt. No. 36, lodged in support of the Defendants' Motion for Partial Summary Judgment on Count I of the Complaint, Dkt. No. 33.

The Bureau notes that it has moved for summary judgment on all counts in the Complaint, Dkt. No. 34, and has lodged a statement of uncontroverted facts in support of its motion, Dkt. No. 35. The Bureau's statement of uncontroverted facts provides support for entry of summary judgment in the Bureau's favor on all counts in the Complaint, including Count I. The Bureau is not repeating here the facts that would support entry of judgment in its favor on Count I.

## BUREAU'S RESPONSE TO THE DEFENDANTS' PURPORTEDLY UNCONTROVERTED FACTS

| DEFENDANTS' PURPORTEDLY UNCONTROVERTED FACT | BUREAU'S RESPONSE |
|---|---|
| 1. The terms of DOE's consolidation loans are established by DOE under its prescribed formulae. Krause Declaration ¶ 16. | **Disputed**<br><br>It is unclear what Defendants mean by "prescribed formulae." The Krause Declaration does not cite any factual evidence in support of this conclusory statement, nor does the Declaration clarify the statement in any way.<br><br>The Bureau does not dispute that there is no principal reduction on a U.S. Department of Education ("ED")[1] Direct Consolidation Loan because the principal balance is equal to the |

[1] While Defendants use the abbreviation "DOE" to refer to the U.S. Department of Education, "ED" is the preferred abbreviation to avoid confusion with the U.S. Department of Energy.

| | |
|---|---|
| | total principal of the loans that are combined. *See* 34 C.F.R. § 685.220(f)(3) (2014). The interest rate on a Direct Consolidation Loan beginning with applications on February 1, 1999 is the weighted average of the interest rates from all the loans consolidated, rounded to the nearest higher one-eighth of one percent (subject to a cap of 8.25% for applications before July1, 2013). *See* 34 C.F.R. § 685.202(a)(10)(i)(E), (F) (2014). |
| 2. DOE consolidation loans are an entirely new loan provided under a new loan agreement. Krause Declaration ¶ 16. | **Undisputed**<br><br>The Bureau notes, however, that the Krause Declaration does not cite any factual evidence in support of this statement. |
| 3. DOE loan terms are not negotiable with DOE. Krause Declaration ¶ 16. | **Disputed**<br><br>The Krause Declaration does not cite any factual evidence in support of this conclusory statement.<br><br>Borrowers are able to negotiate the terms of a Direct Consolidation Loan because they are able to select which of their federal education loans they would like to consolidate, which affects the terms of the resulting consolidation loan. *See* Declaration of Nicholas Jabbour, Exhibit 1, at 5-6. In addition, when applying for a Direct Consolidation Loan, borrowers are able to complete a Repayment Plan Selection form or an Income-Driven Repayment Plan Request form to choose a particular repayment plan, and that repayment plan selection (if approved by the ED) will govern the borrower's payment terms for the loan. *See id* at 6. If a borrower applies for a Direct Consolidation Loan but is not satisfied with the terms subsequently offered by ED, the borrower has the right to decline to proceed with the Direct Consolidation Loan. |

| | |
|---|---|
| | *See id.* ("Applying for a Direct Consolidation Loan does not obligate [the borrower] to agree to take the loan."). |
| 4. Eligibility for DOE consolidation loans is not negotiable. Krause Declaration ¶ 16. | **<u>Disputed</u>**<br><br>The Bureau disputes this statement because Defendants cite no evidence to support it, except a conclusory statement from Mr. Krause. Mr. Krause is not in a position to know whether eligibility for a Direct Consolidation Loan is "not negotiable" for all borrowers.<br><br>The Bureau further states that eligibility criteria for a Direct Consolidation Loan are set forth in 34 C.F.R. § 685.220(d). For some of these criteria, a borrower may initially be ineligible for a Direct Consolidation Loan but can take steps to become eligible. For example, if a borrower is in default, the regulation indicates that the borrower can make "satisfactory repayment arrangements," as that phrase is defined elsewhere, to become eligible for consolidation. |
| 5. No old student loan balance is reduced for purposes of establishing the new consolidation loan's initial balance. Krause Declaration ¶ 16. | **<u>Undisputed</u>**<br><br>The Bureau notes, however, that the Krause Declaration does not cite any factual evidence in support of this statement. |
| 6. Pre-existing loan terms are completely replaced by the terms of the new DOE consolidation loan that SLP helps its clients obtain. Krause Declaration ¶ 16. | **<u>Disputed</u>**<br><br>This is not a factual statement but is instead a legal conclusion. According to ED regulations, "Loans consolidated into a Direct Consolidation Loan are discharged when the Direct Consolidation Loan is originated." 34 C.F.R. § 685.220(a). The Bureau is not in a position to opine as to the legal effect of the consolidation as to "[p]re-existing loan terms" that the Defendants have not provided. |

| | |
|---|---|
| | The Bureau also disputes that SLP "helps its clients obtain" a Direct Consolidation Loan. In at least some instances, consumers have already obtained a Direct Consolidation Loan before enrolling with SLP, and thus SLP does not perform any consolidation services for those consumers. *See* Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment, at 13-14; Plaintiff's Statement of Uncontroverted Facts ¶ 114. The Bureau also lacks information sufficient to know whether there are other consumers who have enrolled with Defendants but who have not received any consolidation services from the Defendants. |

Dated: January 4, 2016

Respectfully submitted,

David Rubenstein
*Deputy Enforcement Director*
Frank Kulbaski
*Assistant Deputy Enforcement Director*

/s/ Nicholas Jabbour
Nicholas Jabbour, DC Bar #500626
(Email: Nicholas.Jabbour@cfpb.gov)
Rina Tucker Harris, DC Bar #444550
(Email: RinaTucker.Harris@cfpb.gov)
Brandis C. Anderson, CA Bar #261325
(Email: Brandis.Anderson@cfpb.gov)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Phone: (202) 435-7548
Fax: (202) 435-7722

Attorneys for Plaintiff
Consumer Financial Protection Bureau